UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LARRY PORTER,

                  Plaintiff,

    v.

GLEN S. GOORD, *et al.*,

                  Defendants.
_____

**DECISION
and
ORDER**

**04-CV-485A(F)**

APPEARANCES:        Larry Porter, *Pro Se*
                          88-A-4542
                          Upstate Correctional Facility
                          P.O. Box 2001
                          Malone, NY 12953

                          ANDREW M. CUOMO
                          Attorney General, New York State
                          Attorney for the Defendants
                          DAVID J. STATE,
                          Assistant Attorney General, of Counsel
                          107 Delaware Avenue
                          Buffalo, New York   14202

       In this civil rights action alleging due process violations, Defendants' move to preclude Plaintiff's evidence and/or compel Plaintiff's deposition (Doc. No. 118) ("Defendants' Motion"). In support of the motion, Defendants filed on January 8, 2008, the Declaration of David J. State, Assistant Attorney General (Doc. No. 119) ("State Declaration"). Plaintiff's response was filed January 29, 2008 (Doc. No. 124) ("Plaintiff's Response"). Defendants' reply, Declaration of David J. State, Assistant Attorney General, was filed February 7, 2008 (Doc. No. 129) ("State Reply Declaration"). Oral argument was deemed unnecessary.

       Specifically, Defendants seek to preclude Plaintiff from offering evidence at trial, or in the alternative, to compel the deposition of Plaintiff. Defendants filed a motion on

December 14, 2007 (Doc. No. 101) for permission to depose the Plaintiff because Plaintiff is currently incarcerated.  On December 18, 2007, the court dismissed Defendants' motion (Doc. No. 110) as moot because Defendants were given permission to depose Plaintiff at the correctional facility in the Scheduling Order filed June 15, 2006 (Doc. No. 28).  By letter filed December 21, 2007, (Doc. No. 113), Plaintiff responded to Defendants' motion stating that Defendants' motion for deposition of Plaintiff is a "harassing tactic to manipulate prolonged and delayed resolution on this case."  In an attempt to comply with the December 31, 2007 discovery deadline, on December 27, 2007, Defendants' counsel traveled to Upstate Correctional Facility ("Upstate") to depose Plaintiff.  State Declaration ¶ 6.  On December 28, 2007, Defendants' counsel was informed that Plaintiff refused to come out of his cell for his deposition.  State Declaration ¶ 7.

In reply, Plaintiff asserts that Defendants have failed to comply with outstanding discovery requests and that Defendants' motion is frivolous and untimely.  Plaintiff's Response ¶ 3.  Plaintiff also claims that he was not given at least 30 days notice prior to the December 28, 2007 deposition.  Plaintiff's Response ¶ 4.

Defendants maintain that Plaintiff would have received notice of Defendants' intention to depose Plaintiff by the filing of the motion seeking permission to depose Plaintiff two weeks prior to the deposition scheduled for December 28, 2007.  State Reply Declaration ¶ 4.  Also, Defendants' counsel believes Plaintiff was given notice of the deposition when the staff at Upstate notified Plaintiff that counsel was at the facility on December 28, 2007.  Defendants also assert that even if Plaintiff refused to be deposed, based upon Plaintiff's contention that Plaintiff did not receive sufficient notice of the deposition, Defendants and Plaintiff could have used the time to review any

outstanding discovery issues in an effort to keep the case on track.  Defendants' Reply Declaration ¶ 7.

Pursuant to Federal Rule of Civil Procedure 30(b)(1) ("Rule 30(b)(1)"), a party desiring to depose any person upon oral deposition shall give reasonable notice in writing to the person and every other party in the action.  However, in order to provide fair notice, Local Rule of Civil Procedure 30(a) ("Local Rule 30(a)"), requires at least 20 days prior notice of any oral depositions, absent agreement of the parties or an order of the court.  Local R. Civ. P. W.D.N.Y. 30(a).  As noted by Plaintiff, because he was not given at least 30 days notice, Plaintiff asserts he had not received reasonable notice of the deposition as required by Rule 30(b)(1).

Under Rule 30(b)(1), what constitutes notice is fact specific and is determined based on the circumstances and complexities of the particular case.  *See* FEDERAL CIVIL RULES HANDBOOK, Baicker-McKee, Janssen, Corr (Thompson-West 2008) (citing cases).  In this case, given Plaintiff's due process claim, the court cannot find that Defendants' approximately 14 day notice was reasonable to allow Plaintiff sufficient time to review his legal materials in preparation for the deposition particularly where, despite Plaintiff's incarcerated status, Defendants failed to attempt to comply with Local Rule 30(a) as well.  Moreover, while Plaintiff had notice of Defendants' motion, he was not required to anticipate the court granting the motion.  Accordingly, Defendants' motion is DENIED.

**CONCLUSION**

Based on the foregoing, Defendants' motion (Doc. No. 118) is DENIED. Defendants shall promptly re-notice Plaintiff's deposition in accordance with Rule

30(b)(1) and Local Rule 30(a).  Such deposition shall be noticed and completed <u>within 60 days</u> of service of this Decision and Order. Plaintiff is reminded that any failure to cooperate in taking such oral deposition may provide grounds for sanctions pursuant to Fed.R.Civ.P. 30(g), 37(d)(3) and 37 (b)(2)(A).

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: February 20, 2008
    Buffalo, New York

ANY APPEAL OF THIS DECISION AND ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTION WITH THE CLERK OF COURT **NOT LATER THAN 10 DAYS** AFTER SERVICE OF THIS DECISION AND ORDER IN ACCORDANCE WITH FED.R.CIV.P. 72(a)