UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LARRY PORTER,

                     Plaintiff,

     v.

GLEN S. GOORD, et al.,

                     Defendants.

**DECISION
and
ORDER**

04-CV-00485F
(consent)

---

APPEARANCES:       LARRY PORTER, *Pro Se*
                             88A4542
                             Upstate Correctional Facility
                             P.O. Box 2001
                             Malone, New York 12953

                             ANDREW M. CUOMO
                             Attorney General, State of New York
                             Attorney for Defendants
                             DAVID J. STATE
                             Assistant Attorney General, of Counsel
                             Main Place Tower
                             Suite 300A
                             350 Main Street
                             Buffalo, New York 14202

On July 22, 2009, the undersigned issued in this *pro se* prisoner civil rights action a Decision and Order (Doc. No. 160) ("the July 22, 2009 Decision and Order"), granting Defendant's motion for summary judgment (Doc. No. 148). On August 4, 2009, Plaintiff moved for reconsideration of the July 22, 2009 Decision and Order (Doc. No. 162) ("Plaintiff's motion"), attaching to the motion a supporting Affidavit ("Plaintiff's Affidavit"), and Memorandum of Law ("Plaintiff's Memorandum"). On September 15, 2009, Defendants filed a Memorandum of Law in Opposition to Plaintiff's Motion for

Reconsideration of Order Granting Defendants' Motion for Summary Judgment (Doc. No. 164) ("Defendants' Memorandum"). In further support of the motion, Plaintiff filed on September 25, 2009, a Reply Memorandum of Law (Doc. No. 165) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Whether to grant a motion for reconsideration is within the sound discretion of the court, *Griffin Industries, Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y 1999) (citing cases), and the criteria for reconsideration motions are "strictly construed against the moving party." *Larouche v. Webster,* 975 F.Supp. 490, 492 (S.D.N.Y. 1996) (citing cases). A motion for reconsideration will not be granted absent a showing that (1) the court overlooked factual matters or controlling decisions that might materially have influenced the earlier decision, or (2) the "need to correct a clear error or prevent manifest injustice." *Griffin Industries*, 72 F.Supp.2d at 368 (internal citations omitted). A motion for reconsideration is not intended as a vehicle for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple.'" *Id*., at 368 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Plaintiff essentially asserts in support of reconsideration that, contrary to the undersigned's determination that Defendants were not personally involved in the alleged civil rights violations, Defendants admitted in response to interrogatories and at depositions familiarity with the various DOCS Directives Plaintiff maintains Defendants violated, including DOCS Directives 4004, 4943, and 4944. *See*, *e.g.*, Plaintiff's Memorandum ¶ 7 (stating Defendant Goord provided interrogatory response admitting "familiarity with [DOCS] Directive # 4944 (use of physical force), # 4004 (unusual

2

incident reports) # 4943 (hand-held videotaping for security purposes)"). In opposition to reconsideration, Defendants argue that Plaintiff has failed to identify any "intervening change in the controlling law, the availability of new evidence, or the need to correct a clear error or to prevent manifest injustice that would warrant the court to reconsider and reverse its earlier decision granting the defendants summary judgment." Defendants' Memorandum at 3. Defendants further maintain that in support of Plaintiff's motion, Plaintiff, "in large part, simply recites a number of DOCS Directives," but that Defendants' acknowledged familiarity with specific DOCS Directives fails to establish Defendants were personally involved with the alleged violations of Plaintiff's civil rights. *Id*. In further support of reconsideration, Plaintiff does not counter Defendants' arguments but, rather, essentially reiterates the same arguments originally set forth in support of reconsideration. *See*, *e.g.*, Plaintiff's Reply ¶ 4 (claiming to have addressed factual matters overlooked by the undersigned, including violations of Plaintiff's due process rights based on Defendants' failure to comply with DOCS Directives 4004, 4943 and 4944).

As Defendants assert, Plaintiff's argument in support of reconsideration is, essentially, a recitation of the DOCS Directives with which Plaintiff alleges Defendants failed to comply. Plaintiff has failed to point to any factual matter or controlling decision overlooked by the court, or to any clear error by the court that requires correction to prevent manifest injustice. As such, there has been no demonstration that the court failed to consider any factual matter or decision that was properly before the court, or that reconsideration is necessary to correct any clear error by the court or to prevent manifest injustice to Plaintiff. *Griffin Industries*, 72 F.Supp.2d at 368. Accordingly,

3

Plaintiff's motion for reconsideration (Doc. No. 162) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: March 9, 2010
         Buffalo, New York